**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MAR 1 4 2013**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF | ) |
| | ) |
| THE RESIDENCE AND CURTILAGE | ) |
| LOCATED AT 1750 ROOSEVELT AVE., | ) |
| #7, BELLEVILLE, ILLINOIS, FURTHER | )   CASE NUMBER  13-mj-3132 - DGW |
| DESCRIBED AS A ONE-STORY, WHITE | ) |
| TRAILER HOME AND ANY | ) |
| STRUCTURES LOCATED ON THE | )   **FILED UNDER SEAL** |
| PROPERTY | |

### APPLICATION AND AFFIDAVIT
### FOR SEARCH WARRANT

I, Brandon Rodriguez, being duly sworn depose and say:

I am a Special Agent of the Drug Enforcement Administration ("DEA'), and have reason

to believe that on the premises known as:

THE RESIDENCE AND CURTILAGE LOCATED AT 1750 ROOSEVELT
AVE., #7, BELLEVILLE, ILLINOIS, FURTHER DESCRIBED AS A ONE-
STORY, WHITE TRAILER HOME AND ANY STRUCTRES LOCATED ON
THE PROPERTY

in the Southern District of Illinois there is now concealed a certain property, namely:

SEE ATTACHED LIST, ENTITLED "ATTACHMENT A"

which constitutes evidence of the commission of a criminal offense or which is contraband, the

fruits of a crime, or things otherwise criminally possessed or which is designed or intended for

use  or has been used as a means of committing an offense in violation of Title 18, United States

Code, Section 2252(a)(2).

**AFFIDAVIT**

The facts to support the issuance of a Search Warrant are as follows:

I, Brandon Rodriguez, being duly sworn, depose and state the following:

1.      I am a Special Agent with the Drug Enforcement Administration (DEA) assigned to the Laredo District Office.   I have been employed as a Special Agent with the DEA for approximately 30 months, during which time I have specialized in investigations involving narcotics trafficking.  I received nineteen (19) weeks of training at the DEA Academy at Quantico, Virginia, and have received extensive training pertaining to narcotic investigations and the investigation of various crimes which arise from drug trafficking activities.

2.      I am investigating the activities of Steven Wing, who resides at 1750 Roosevelt Ave., #7, Belleville, Illinois, regarding Wing's attempt to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841 and Wing's distribution of child pornography in violation of 18 U.S.C. §2252.

3.      I submit this application and affidavit in support of a search warrant authorizing a search of the residence and curtilage located at 1750 Roosevelt Ave., #7, Belleville, Illinois, further described as a one-story, white trailer home and any structures located on the property.  I am also seeking authority to seize on and within the subject premises the items specified in **Attachment A**, which may constitute evidence, fruits, and instrumentalities of the foregoing criminal violations.

4.      The statements contained in this affidavit are based upon my training and experience as a Special Agent of the Drug Enforcement Administration, information provided to me by other law enforcement officers and investigators, and information I have obtained through

2

consultation with personnel trained in the investigation, seizure, and analysis of computers, electronic data, and electronic media.

5.      Because this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252 are present on the subject premises.

6.      Under 18 U.S.C. § 2252(a)(2), it is a federal crime for any person to knowingly receive or distribute, by computer or mail, any visual depiction of minors engaging in sexually explicit conduct that has been mailed or shipped or transported in interstate or foreign commerce. That section also makes it a federal crime for any person to knowingly reproduce any visual depiction of minors engaging in sexually explicit conduct for distribution in interstate or foreign commerce by any means, including by computer or the mail.

## PROBABLE CAUSE

7.      In February 2013, the DEA Laredo District Office initiated a narcotics and child exploitation investigation targeting STEVEN WING. Agents identified WING as a child sex trafficker and producer/distributor of child pornography interested in providing photographs to an undercover agent in exchange for marijuana and prescription drugs.

8.      On February 24, 2013, WING made initial contact with Laredo District Office Special Agents, who were using an undercover profile on the social networking site Mocospace.com. Wing was using the Mocospace.com screen name "swordhunter." Wing's profile on Mocospace.com identified him as "Steven" from Belleville, Illinois and contained a

3

picture of "swordhunter." Agents used Google to search the screen name "swordhunter" and learned that it was used on several other social networking websites, which also contained photos of the same person. Agents later compared the pictures of "swordhunter" from the websites with the Illinois driver's license photo of Steven Wing and confirmed that the same person is pictured. Wing's Illinois driver's license lists his residence as 1750 Roosevelt Ave., #7, Belleville, Illinois.

9.      After the initial contact with Wing on Mocospace.com, Wing continued to communicate with the undercover agent via instant messages, phone calls, text messages, and email. Through these communications, Wing indicated to the undercover agent that Wing was interested in obtaining marijuana and prescription medication. Wing indicated to the undercover agent that things were "dry" in the area where Wing lives. The undercover agent represented him/herself as the owner of a trucking company who handles logistics for a drug cartel. The undercover agent indicated to Wing that the undercover agent could provide Wing with a shipment of marijuana. Eventually, Wing and the undercover agent negotiated to have 300 pounds of marijuana delivered to Wing in Belleville. The undercover agent then inquired what Wing would provide in return for the marijuana. The undercover agent asked if Wing could provide a vehicle or firearms in exchange for the marijuana, and Wing indicated that he could not. The undercover then asked if Wing could provide "young porn," and Wing immediately indicated that he could provide pornographic pictures of children as young as 8 years old. The undercover agent represented to Wing that the cartel head would be interested in receiving such images.

10.     Throughout a series of instant messages between WING and the undercover agent on February 25, 2013, WING discussed in detail his exploitation of minors. When WING was

4

asked if he could provide photographs, he replied "i can hook u up with some pix, just give me time too look in my stuff and ill put them on my comeputer." WING also stated "i rather have the real thing the younger the better." When the undercover agent asked "What's the youngest you want to mess? male or female?", WING replied "8 yr old female no younger, they suck the best cock." WING elaborated that he could arrange for encounters between the undercover agent and minors, stating that "the girls would best to move late april or early may." Throughout these instant messages WING negotiated trafficking minors and sexually explicit photographs in exchange for marijuana.

11.     On February 25, 2013, during the first consensually recorded telephone conversation between WING and the undercover agent, WING provided more details regarding his exploitation of minors. WING stated he personally has had experiences with 500 young girls and that he makes a significant profit arranging sexual encounters between his clients and minors. WING stated he has arranged these encounters for clients in Florida and New York, including multiple judges and lawyers.

12.     On or about February 25, 2013, Wing agreed to email the undercover agent sample images of child pornography as a "deposit" on the images and videos that he would provide in exchange for the marijuana. When Wing did not immediately email the images, the undercover agent continued to communicate with Wing. In these communications, Wing indicated that he did not store the images on his computer and that he had hidden the images from his girlfriend, who shares the subject premises with him. Wing indicated that "it's here," that he knew "right where it is," and that he needed to move some heavy boxes in order to locate

5

the images. Based on these communications, agents believe that Wing stores images of child pornography on some form of electronic media hidden somewhere in the subject premises.

13.     On February 28, 2013, WING emailed seven (7) sexually explicit photographs to the undercover agent. WING claimed that he had previously taken some of the photos himself. Wing indicated that 6 of the photos involved an 11 year-old child and that one of the photos was of a 9 year-old child. Agents viewed the photo of the alleged 9 year-old child and observed it to depict an undeveloped female vagina spread by someone's fingers. Wing indicated that the fingers pictured were his. Agents showed the 7 images to FBI TFO Shawn Tobleman, who exclusively investigates child exploitation offenses. TFO Tobleman indicated that in his opinion, at least 4 of the images were of minors.

14.     WING's Illinois driver's license record specifies his address as **1750 Roosevelt Avenue, #7, Belleville, IL.** On March 8, 2013, surveillance was conducted at **1750 Roosevelt Avenue, #7**, where DEA TFO Scott Gleason observed WING walking around the property.

15.     Based upon the above, there is probable cause to believe that there is now concealed on the property located at **1750 Roosevelt Avenue, #7, Belleville, IL** certain items as described in **Attachment B** that constitute instrumentalities and evidence of the commission of a criminal offense, or are contraband, in violation of Title 18, United States Code, §§ 2252.

16.     I respectfully request that the Court issue a warrant authorizing the search of the residence and curtilage located at 1750 Roosevelt Ave., #7, Belleville, Illinois, further described as a one-story, white trailer home and any structures located on the property and the seizure of those items listed in **Attachment A**.

6

17.     I further respectfully request that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing these documents is necessary because they pertain to an ongoing investigation. Based upon my training and experience, I have learned that online criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other online criminals as they deem appropriate, e.g., by posting them publicly online through various forums. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness, as well as the safety of the officers who execute the warrant.

FURTHER AFFIANT SAYETH NAUGHT.

Brandon Rodriguez
DEA Special Agent

STEPHEN R. WIGGINTON
United States Attorney

DONALD S. BOYCE
Assistant United States Attorney

State of Illinois      )
                       )  SS.
County of St. Clair    )


Sworn to before me, and subscribed in my presence on the 14th day of March, 2013, at East St. Louis, Illinois.

DONALD G. WILKERSON
United States Magistrate Judge

7

## ATTACHMENT A

## **DESCRIPTION OF PROPERTY TO BE SEIZED**

1.      Any and all computers and computer-related media, including all equipment that can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data, including any data-processing devices (such as central processing units, internal drives, and fixed disks); peripheral storage devices (such as external hard drives, floppy diskettes, compact discs (CDs), digital video disks ("DVDs"), Personal Digital Assistants ("PDAs"), memory cards, Subscriber Identity Module ("SIM") cards, and USB thumb drives); peripheral input/output devices (such as modems, routers, keyboards, printers, scanners, copiers, monitors, webcams, digital cameras, digital music players, cell phones, and video game consoles); as well as related equipment (such as cables and connectors).

2.      Any and all records, documents, and materials pertaining to any visual depiction of a minor engaging in sexually explicit conduct, child pornography, child erotica, a sexual interest in children, or sexual activity involving children.

3.      Any and all records, documents, and materials pertaining to any minor who is, or appears to be, the subject of any visual depiction of a minor engaging in sexually explicit conduct, child pornography, child erotica, a sexual interest in children, or sexual activity involving children.

4.      Any and all records, documents, and materials that concern any internet accounts or internet-related activity capable of containing or concealing evidence of a visual depiction of a minor engaging in sexually explicit conduct, child pornography, child erotica, a sexual interest in children, or sexual activity involving children.

5.      Any and all records, documents, and materials evidencing possession, use, or ownership of any of the premises to be searched or property to be seized.

6.      Any and all data security devices or other computer software that may be utilized to create, receive, distribute, store, modify, conceal, or destroy any of the evidence sought.

7.      Any and all information regarding passwords or encryption of information stored on any computer-related media.

9